OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of Ohio
are being transmitted electronically beginning May 27, 1992,
pursuant to a pilot project implemented by Chief Justice Thomas
J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.  Your
comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised to
check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.  The
advance sheets to Ohio St.3d will also contain the volume and
page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.

Yaklevich, Appellee, v. Kemp, Schaeffer & Rowe Company, L.P.A.,
et al., Appellants.
[Cite as Yaklevich v. Kemp, Schaeffer & Rowe Co., L.P.A.
(1994),     Ohio St.3d    .]
Torts -- Abuse of process -- Necessary elements -- Action
     governed by four-year limitation period of R.C. 2305.09 --
     Civil procedure -- Claim for abuse of process is not a
     compulsory counterclaim that must be brought in the
     underlying litigation.
                              - - -
1.  The three elements of the tort of abuse of process are:
     (1) that a legal proceeding has been set in motion in proper
     form and with probable cause; (2) that the proceeding has
     been perverted to attempt to accomplish an ulterior purpose
     for which it was not designed; and (3) that direct damage
     has resulted from the wrongful use of process.
2.  A claim for abuse of process is not a compulsory counterclaim
     which must be brought in the underlying litigation.
3.  An action for abuse of process is governed by the four-year
     limitations period of R.C. 2305.09.
                              - - -
     (No. 92-1671 -- Submitted September 28, 1993 -- Decided
February 9, 1994.)
     Appeal from the Court of Appeals for Franklin County, No.
91AP-1296.
     Plaintiff-appellee John A. Yaklevich filed a complaint in
the Franklin County Court of Common Pleas on December 27, 1990,
naming as defendants the law firm of Kemp, Schaeffer & Rowe Co.,
L.P.A., as well as individual attorney members of the firm
(collectively "Kemp, Schaeffer & Rowe"), appellants.  Yaklevich's
complaint was based on a previous lawsuit filed by Kemp,
Schaeffer & Rowe against various defendants, including Yaklevich,
in an attempt to collect money allegedly owed to it for the legal
representation of the law firm's ex-client, Geneva J. Frecker
("the Frecker litigation").  The claims in the Frecker litigation
asserted by Kemp, Schaeffer & Rowe against defendants other than
Yaklevich are not relevant to this appeal.
     In the Frecker litigation, Kemp, Schaeffer & Rowe brought

claims against Yaklevich for interference with business relations, conspiracy and fraud. Kemp, Schaeffer & Rowe essentially charged that Yaklevich, along with others, had improperly induced Geneva Frecker to terminate her contractual and business relationship with Kemp, Schaeffer & Rowe, thereby causing the firm to lose the legal fees owed by Geneva Frecker. The fraud claim against Yaklevich eventually was voluntarily dismissed by Kemp, Schaeffer & Rowe, and the claims for interference with business relations and conspiracy were resolved in Yaklevich's favor when the trial court granted his motion for summary judgment on those allegations.

On December 27, 1990, Yaklevich commenced the present suit. In his complaint, Yaklevich alleged that Kemp, Schaeffer & Rowe "maliciously and without probable cause commenced civil action" against him in the Frecker litigation. Yaklevich further alleged that Kemp, Schaeffer & Rowe "prosecuted the aforesaid civil action *** for an ulterior purpose or purposes" against him, those purposes being to induce Yaklevich's clients to discharge him as their attorney, to damage Yaklevich's reputation, and to increase the settlement value of Kemp, Schaeffer & Rowe's claims.

The trial court in this case converted Kemp, Schaeffer & Rowe's motion to dismiss into a motion for summary judgment, but then entered an order dismissing the complaint as insufficient on its face. In the decision, the trial court held: (1) To the extent that Yaklevich's complaint alleged a cause of action for malicious civil prosecution, that claim, because it did not allege that Yaklevich's person or property had been seized during the prior proceeding (which the trial court found to be a required element in a malicious civil prosecution suit), must be dismissed; (2) Yaklevich's complaint did state a colorable claim for abuse of process; but (3) that claim was barred by the applicable statute of limitations. The trial court found that the one-year period of limitations of R.C. 2305.11(A) for malicious prosecution also applies to an action for abuse of process, and that the one-year period had run.

Yaklevich appealed the trial court's judgment to the Court of Appeals for Franklin County, and Kemp, Schaeffer & Rowe cross-appealed. The court of appeals agreed with the trial court that R.C. 2305.11's one-year limitations period applies to a claim for abuse of process; however, the court of appeals determined that the one-year period had not run when Yaklevich filed his complaint, because the trial court erred in its decision regarding when the statutory period commenced for Yaklevich's abuse of process claim. The court of appeals resolved Kemp, Schaeffer & Rowe's cross-appeal by holding (1) that the trial court correctly determined that Yaklevich's complaint stated a colorable claim for abuse of process; and (2) that Yaklevich's abuse of process claim was not a compulsory counterclaim which Yaklevich would have been required to assert in the course of the Frecker litigation. After holding that Yaklevich's abuse of process claim was timely brought, the court of appeals ordered the cause remanded to the trial court for further proceedings.

The cause is now before this court pursuant to the allowance of Kemp, Schaeffer & Rowe's motion to certify the record.

Charles A. Koenig, for appellee; John A. Yaklevich, pro se.

Lane, Alton & Horst, Charles K. Milless and Rick E. Marsh, for appellants.

Alice Robie Resnick, J.  This case presents several questions concerning the tort of abuse of process.  Specifically, we will consider  (1) whether Ohio recognizes the tort, and if so, the elements of the tort; (2) whether a cause of action for abuse of process is a compulsory counterclaim which must be brought as part of the underlying litigation which gives rise to the claim; and (3) which statute of limitations is applicable to the tort.  Because the trial court dismissed Yaklevich's abuse of process claim on statute of limitations grounds, this case has not progressed beyond an examination of the complaint on its face.  While our consideration is accordingly limited as well, we are able to reach general conclusions in resolving the issues presented.

Although a claim for malicious civil prosecution is not directly at issue, the nature of this case requires us to conduct an examination of certain aspects of a malicious civil prosecution claim in order to compare and contrast that tort with the related, but separate, tort of abuse of process.

I

Elements of Abuse of Process

"Ohio law, like the English common law before it, has long recognized a right to recover in tort for the misuse of civil and criminal actions as a means of causing harm."  Trussell v. Gen. Motors Corp. (1990), 53 Ohio St.3d 142, 144, 559 N.E.2d 732, 734, citing Pope v. Pollock (1889), 46 Ohio St. 367, 368-371, 21 N.E. 356, 356-357.  In Trussell, this court examined the development of case law in Ohio setting forth the elements of the tort of malicious criminal prosecution, contrasting the elements of that tort with the elements of the tort of malicious civil prosecution.  The Trussell court, applying paragraph one of the syllabus of Rogers v. Barbera (1960), 170 Ohio St. 241, 10 O.O.2d 248, 164 N.E.2d 162, observed:  "The elements of the tort of malicious criminal prosecution are (1) malice in instituting or continuing the prosecution, (2) lack of probable cause, and (3) termination of the prosecution in favor of the accused." Trussell, supra, at syllabus.

As was noted by the Trussell court, the elements of the tort of malicious civil prosecution were set forth in Crawford v. Euclid Natl. Bank (1985), 19 Ohio St.3d 135, 139, 19 OBR 341, 344, 483 N.E.2d 1168, 1171:  "'(1) malicious institution of prior proceedings against the plaintiff by defendant, *** (2) lack of probable cause for the filing of the prior lawsuit, *** (3) termination of the prior proceedings in plaintiff's favor, *** and (4) seizure of plaintiff's person or property during the course of the prior proceedings ***.'"[1]  (Citations omitted.)

The tort of malicious prosecution, whether criminal or civil, provides a remedy when a proceeding is instituted without probable cause.  However, it does not provide a remedy for a related, yet different situation.  The tort action termed "abuse of process" has developed for "cases in which legal procedure has been set in motion in proper form, with probable cause, and even with ultimate success, but nevertheless has been perverted to accomplish an ulterior purpose for which it was not designed." Prosser & Keeton, The Law of Torts (5 Ed. 1984) 897, Section

We accept the proposition that the tort of malicious civil prosecution does not provide a remedy for a situation in which process is used to accomplish an improper ulterior purpose.  Such a situation occurs when there is an "act or threat not authorized by the process, or aimed at an objective not legitimate in the use of the process ***."  Id. at 898.  Accordingly, we recognize the tort of abuse of process as a distinct tort in its own right, distinguishable from the tort of malicious civil prosecution.  See Clermont Environmental Reclamation Co. v. Hancock (1984), 16 Ohio App.3d 9, 16 OBR 9, 474 N.E.2d 357; Avco Delta Corp. v. Walker (1969), 22 Ohio App.2d 61, 51 O.O.2d 122, 258 N.E.2d 254.

Having determined that Ohio recognizes the tort of abuse of process, we now address the elements of the tort.  We hold that the three elements of the tort of abuse of process are:  (1) that a legal proceeding has been set in motion in proper form and with probable cause; (2) that the proceeding has been perverted to attempt to accomplish an ulterior purpose for which it was not designed[2]; and (3) that direct damage has resulted from the wrongful use of process.[3]

Even though the tort of malicious prosecution and the tort of abuse of process have different elements, in some situations the same facts which may constitute an abuse of process may also support an action for malicious prosecution.  In that case, a complaint could allege both causes of action, in separate counts.  In such a situation, a consideration of whether probable cause was present to bring the underlying litigation would be the key to determining under which tort theory the action should proceed.

II
Abuse of Process as a Counterclaim

Civ.R. 13(A) provides that, as a general rule, a party must state as a counterclaim any claim he or she has against an opposing party "if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim ***."  We acknowledge that some courts have found that an abuse of process claim is a compulsory counterclaim in the underlying litigation, and that the failure to raise such a claim at that time precludes it from being raised in a subsequent suit.  See, e.g., Yost v. Torok (1986), 256 Ga. 92, 344 S.E.2d 414.  However, we, along with many other courts which have considered the issue, do not take that view.  See, generally, Annotation, Necessity and Permissibility of Raising Claim for Abuse of Process by Reply or Counterclaim in Same Proceeding in Which Abuse Occurred -- State Cases (1990), 82 A.L.R.4th 1115.

We agree with the proposition that an abuse of process claim may be raised as a permissive counterclaim in the underlying litigation in the appropriate case.  See, e.g., Clermont Environmental Reclamation Co., supra, and Avco Delta Corp., supra, both of which implicitly recognized that a claim for abuse of process can legitimately be brought as a counterclaim in the proper case.[4]  At the same time, we determine that the abuse of process claim need not be raised as a compulsory counterclaim pursuant to Civ.R. 13(A).  In a typical case, the abuse of process does not "arise out of the transaction or occurrence that is the subject matter of the underlying claim" (emphasis added) but instead arises from events that occur during the course of the underlying litigation.  Therefore we hold that a claim for

abuse of process is not a compulsory counterclaim which must be brought in the underlying litigation.

## III
### Statute of Limitations for Abuse of Process

R.C. 2305.11(A) provides that "[a]n action for *** malicious prosecution *** shall be commenced within one year after the cause of action accrued ***."  Both the trial court and court of appeals in this case found that the one-year limitations period of R.C. 2305.11(A) for an action for malicious prosecution is also applicable to an action for abuse of process.  The courts below apparently held that because the two actions are related, the same statute of limitations should apply to both.  We do not agree.

R.C. 2305.09 provides, in pertinent part:

"An action for any of the following causes shall be brought within four years after the cause thereof accrued:

"***

"(D) For an injury to the rights of the plaintiff not arising on contract nor enumerated in sections 2305.10 to 2305.12, inclusive, 2305.14 and 1304.29 of the Revised Code."

In determining which statute of limitations should apply, we must consider the language of these statutes; we also must consider whether malicious prosecution and abuse of process are sufficiently similar that both should be controlled by R.C. 2305.11.  R.C. 2305.11(A) specifically provides for the application of the one-year statute of limitations for malicious prosecution.  It does not necessarily follow that the same one-year statute applies to actions for abuse of process simply because such an action is similar to malicious prosecution.

While both malicious prosecution and abuse of process involve the improper use of a separate civil action, the two torts have different elements, and differ in their focus.  The key consideration in a malicious civil prosecution action is whether probable cause was present initially to bring the previous suit, whereas the key consideration in an abuse of process action is whether an improper purpose was sought to be achieved by the use of a lawfully brought previous action. Our discussion of the elements of abuse of process in Part I above convinces us that the differences between malicious prosecution and abuse of process are significant.  Indeed, we recognized that malicious prosecution and abuse of process are separate and distinct causes of action.

Because of the significant differences between the two torts, R.C. 2305.11's specific provision of a one-year period of limitations for an action for malicious prosecution does not also apply to a cause of action for abuse of process.  We hold that an action for abuse of process is governed by the four year limitations period of R.C. 2305.09.  See Yeager v. Local Union 20 (1983), 6 Ohio St.3d 369, 375, 6 OBR 421, 427, 453 N.E.2d 666, 672 (four-year statute of limitations applicable to an injury not listed in any of the sections referred to in R.C. 2305.09).5

## IV
### Conclusion

In applying the conclusions reached in the preceding discussion to the facts of this case, we agree with the trial court and the court of appeals that Yaklevich's complaint on its face sets forth a claim for abuse of process which is capable of

overcoming a motion to dismiss for failure to state a claim under Civ. R. 12(B)(6). Further, we agree with the court of appeals' determination that Yaklevich was not required to raise his claim for abuse of process as a counterclaim during the underlying proceeding. Finally, although we disagree with the court of appeals on the issue of which statute of limitations applies to a claim for abuse of process, we uphold the ultimate result reached by the court of appeals, which is that Yaklevich's claim was timely brought. For all the foregoing reasons, the judgment of the court of appeals is affirmed as modified and this cause is remanded to the trial court for further proceedings consistent with this opinion.6

Judgment affirmed as modified.

Moyer, C.J., A.W. Sweeney, Douglas, F.E. Sweeney and Pfeifer, JJ., concur.

Wright, J., concurs in part and dissents in part.

FOOTNOTES:
1 Although Yaklevich's complaint appears to allege some of the elements of malicious civil prosecution, Yaklevich did not allege the existence of the fourth element, seizure of person or property. For that reason, the trial court found that no claim was stated for malicious civil prosecution. Yaklevich did not appeal that ruling; therefore, no issue regarding the propriety of the "arrest or seizure" requirement is before us. While the Trussell court observed that the majority of states does not require that the "arrest or seizure" element be proven, and that the Second Restatement of Torts has eliminated the requirement, like that court we express no opinion on the viability of that element. See Trussell, supra, 53 Ohio St.3d at 145, 559 N.E.2d at 735-736, and at fn. 3.
2 Therefore, "there is no liability [for abuse of process] where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions." Prosser & Keeton, supra, at 898.
3 We specifically find that seizure of person or property is not an element of the tort of abuse of process.
4 By contrast, a plaintiff who brings a malicious civil prosecution suit must show that the previous litigation terminated in his or her favor. See Kelly v. Whiting (1985), 17 Ohio St.3d 91, 94, 17 OBR 213, 216, 477 N.E.2d 1123, 1127; Levering v. Morrow Cty. Natl. Bank (1912), 87 Ohio St. 117, 122, 100 N.E. 322, 323. For that reason, a claim for malicious civil prosecution cannot be brought as a counterclaim, but must be brought in a separate suit after the underlying litigation is terminated.
5 Because a cause of action for abuse of process is governed by a four-year statute of limitations, there is no question in this case that Yaklevich's abuse of process claim was timely. Therefore, we do not reach the issue of when a cause of action for abuse of process accrues.
6 As was mentioned earlier, in some situations the same actions which support an abuse of process claim may also support a claim for malicious prosecution. However, the two torts are not interchangeable; each operates in its own sphere. The presence or absence of probable cause is the determining factor which divides the areas of operation of the two torts. Because

of the distinctions we have drawn between the torts of abuse of process and malicious prosecution, and because of the differing elements of each, it will often be necessary to distinguish between the two, particularly in light of our determination that a different statute of limitations applies to each. Where it is not clear whether there was probable cause to bring the claims in the underlying suit, one who allegedly is injured by the improper use of a civil action would be wise to allege both malicious prosecution and abuse of process in separate counts of his or her complaint.

This case has never progressed beyond a consideration of the facial allegations of the complaint. Hence, the limited state of the record before us prevents us from conducting any type of inquiry into whether there was probable cause for the claims brought against Yaklevich by Kemp, Schaeffer & Rowe in the underlying Frecker litigation.

Wright, J., concurring in part and dissenting in part. I must respectfully dissent from the notion that the applicable statute of limitations for abuse of process is R.C. 2305.09. It would appear that all of the commentators and the vast majority of the cases dealing with this matter advocate a one-year limitation as provided by R.C. 2305.11, which currently states:

"(A) An action for libel, slander, malicious prosecution, or false imprisonment, an action for malpractice other than an action upon a medical, dental, optometric, or chiropractic claim, or an action upon a statute for a penalty or forfeiture shall be commenced within one year after the cause of action accrued ***."

"The statute of limitations [for abuse of process] is an affirmative defense and applies if more than one year is elapsed from the time the cause of action arose to the commencement of the abuse of process action. Although R.C. {2305.11(A) does not specifically refer to abuse of process but, instead, refers to malicious prosecution, since abuse of process is generally regarded as a form of malicious prosecution, the one year statute of limitations should be utilized." 2 Anderson's Ohio Civil Practice (1989) 3, Section 11.02.

Yaklevich's abuse of process claim is clearly time-barred. It is an elemental proposition of law that a cause of action for abuse of process is complete as soon as the acts complained of are committed. See, generally, 72 Corpus Juris Secundum (1987) 702, Process, Section 114a. Indeed, Yaklevich's complaint itself alleges that appellants' abuse of process dates from the filing of their complaint in December 1987. At the very latest the statute began to run when Yaklevich filed his answer to appellants' complaint, which date was June 30, 1988. The complaint before us was filed on December 27, 1990 -- a year and a half beyond the end of the limitations period.

Although the majority distinguishes the two causes of action, I do not find the distinction sufficient to justify application of a different statute of limitations. Thus, I would affirm the position of the court of appeals and the trial court on this issue and reinstate the judgment of the trial court.

I concur in syllabus paragraphs one and two of the majority opinion but not the result achieved here.