OPINION
On October 10, 1992, appellant, Shannan Austin, was injured in an automobile accident caused by Dennis Lisk. Mr. Lisk was insured by appellee, Allstate Insurance Company, with limits of liability of $15,000 per person, $30,000 per occurrence. The parties attempted to settle the case but were unsuccessful. Thereafter, appellant filed a lawsuit and received a default judgment against appellee in the amount of $33,000. Appellee filed a motion to vacate judgment which was denied.
On March 12, 1997, appellee filed a complaint for declaratory judgment against appellant. Appellee sought declarations that it did not negotiate in bad faith and it owed appellant only $15,000. On March 27, 1997, appellant filed a motion to dismiss. On April 14, 1997, appellant filed a counterclaim for malicious prosecution and a motion for attorney's fees. By judgment entries filed May 9, 1997, the trial court granted appellant's motion to dismiss, but denied appellant's motion for attorney's fees finding appellee's conduct in filing the declaratory judgment complaint was not "patently frivolous."
On May 16, 1997, appellant filed a motion to amend the counterclaim to include a claim of abuse of process. On June 3, 1997, appellee filed a motion to dismiss the counterclaim. By judgment entry filed July 30, 1997, the trial court denied appellant's motion to amend and granted appellee's motion to dismiss.
Appellant filed a notice of appeal and this matter is now before this court for consideration. Assignments of error are as follows:
I
 THE TRIAL COURT ERRED IN GRANTING PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM.
II
 THE TRIAL COURT ERRED IN RULING THAT PLAINTIFF'S COMPLAINT WAS NOT FRIVOLOUS AND, THEREFORE CONCLUDING THAT A COUNTERCLAIM FOR ABUSE OF PROCESS MUST FAIL.
 I, II
Appellant claims the trial court erred in dismissing the counterclaim for malicious prosecution and in denying the motion to amend the counterclaim. We agree.
By judgment entry filed May 9, 1997, the trial court dismissed appellee's declaratory judgment complaint finding there was no real controversy between adverse parties. In ruling on appellant's motion for attorney's fees, the trial court found appellee's "conduct in filing a Motion for Declaratory Judgment is not `patently frivolous'." See, Judgment Entry filed May 9, 1997. The trial court did not provide any reason for this finding. In its subsequent entry of July 30, 1997 denying appellee's motion to amend, the trial court stated "[i]n determining that the original action was not frivolous, the court concluded that the action was not brought for an improper purpose. Therefore, a claim for abuse of process must fail." In this same judgment entry, the trial court dismissed appellant's counterclaim without comment on the claim for malicious prosecution.
Frivolous conduct is defined in R.C. 2323.51 as follows:
(2) `Frivolous conduct' means either of the following:
 (a) Conduct of an inmate or other party to a civil action, * * * that satisfies any of the following:
 (I) It obviously serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation.
 (ii) It is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law.
The elements for a malicious prosecution claim are as follows:
 (1) malicious institution of prior proceedings against the plaintiff by defendant; (2) lack of probable cause for the filing of the prior lawsuit; (3) termination of the prior proceedings in plaintiff's favor; and (4) seizure of plaintiff's person or property during the course of the prior proceedings. (Citations omitted.)
 Crawford v. Euclid Natl. Bank (1985), 19 Ohio St.3d 135, 139.
The elements for an abuse of process claim are as follows:
 (1) that a legal proceeding has been set in motion in proper form and with probable cause; (2) that the proceeding has been perverted to attempt to accomplish an ulterior purpose for which it was not designed; and (3) that direct damage has resulted from the wrongful use of process.
 Yaklevich v. Kemp, Schaeffer and Rowe Co., L.P.A.
(1994), 68 Ohio St.3d 294, paragraph one of the syllabus.
Based upon the foregoing, we find the trial court's equating of "no frivolous conduct" to "no malicious prosecution" and "no abuse of process" to be in error.
Assignments of Error I and II are granted.
The judgment of the Court of Common Pleas of Stark County, Ohio is hereby reversed and remanded.
Farmer, P.J., Hoffman, J. and Wise, J. concur.