DECISION AND JUDGMENT ENTRY
This appeal comes to us from a judgment of the Lucas County Court of Common Pleas which granted defendants-appellees' motion for summary judgment. For the reasons that follow, we affirm the judgment of the trial court.
The relevant facts underlying the instant dispute are as follows. Plaintiff-appellant, Richard J. Stuckey, Jr., is a former tenant of Moody Manor Apartments, a federally subsidized housing unit. Defendant-appellee Vistula management Company ("Vistula") manages the apartment complex and defendant-appellee John Kiely was, at all relevant times, the vice-president of Vistula. Defendant-appellee, Valerie Powell, was the Vistula employee assigned to manage Moody Manor and defendant-appellee, Douglas A. Wilkins, is Vistula's legal counsel.
On or about April 8, 1991, a "Landlord Complaint" was filed in Toledo Municipal Court. The complaint alleged that appellant "breached the terms of his lease, to wit, [by] failing to keep his unit clean and safe * * *." On July 15, 1991, the referee's report found in favor of appellant and the complaint was dismissed on October 17, 1991.
During the pendency of the proceedings, appellant continued to tender his monthly rent checks which, due to the pendency of the eviction proceedings, were returned uncashed. On October 16, 1991, a letter was sent to appellant demanding back payment of rent in the amount of $1,272. Appellant failed to tender the lump sum payment.
On December 16, 1991, Vistula commenced a second eviction proceeding against appellant for nonpayment of rent. Attached to the complaint was a three-day notice to leave the premises that Vistula sent to appellant on December 3, 1991. In the caption of the complaint and at the top of the notice to vacate, appellant's address was incorrectly listed as "2299 Kent St., Apt. 213, Toledo, Ohio 43606." (Emphasis added.) However, in the body of the notice to leave the premises, the property that appellant was being asked to vacate is properly described as "2299 Kent St., Apt. 213, Moody Manor Apartments, Toledo, Ohio 43620." (Emphasis added.) Vistula also correctly listed its address in the complaint as "Moody Manor Apartments, 2293 1/2 Kent Street, Toledo, Ohio 43620." (Emphasis added.)
The municipal court clerk's first attempt to serve appellant with a copy of the summons and complaint failed and the January 2, 1992 hearing date was reset for January 30, 1992. A new summons was sent by certified mail and was returned "unclaimed." The summons was reissued by ordinary mail, but the date of that mailing is unclear. There is conflicting evidence as to whether it was sent on January 24 or January 27, 1992.
Appellant did not appear at the January 30, 1992 hearing and the referee recommended that Vistula be awarded possession of the premises. The trial court approved the referee's report on February 3, 1992.
On February 5, 1992, appellant filed a "Motion to Vacate Judgment of 1/30/92," arguing that there was: "Error in Clerk's Office-Notice not received until after the Hearing date." The trial court stayed its decision and set a February 19, 1992 hearing date on appellant's motion. On February 19, 1992, neither appellant nor his counsel were present and the trial court denied appellant's motion to vacate the January 30, 1992 judgment and further stated that "No additional attempts to set aside will be entertained." On February 21, 1992, appellant was forced to move from his residence.
Appellant, through new counsel, filed a second motion to vacate judgment on March 12, 1992. Appellant's counsel explained that he was notified but "simply forgot" about the hearing.
On March 20, 1992, appellant filed a notice of appeal from the judgments entered on February 3, 1992 and February 19, 1992. This court, in its August 13, 1993 opinion and judgment entry, found that the trial court erred in summarily denying the February 5, 1992 motion to set aside judgment without further inquiry into the circumstances surrounding the mailing of the summons to appellant. Vistula Mgt. Co. v. Stuckey (Aug. 13, 1993), Lucas App. No. L-92-102, unreported. On remand, the trial court vacated its previous judgments, and, on January 16, 1996, Vistula voluntarily dismissed the action.
Appellant filed the complaint in the instant action on January 8, 1997. In his complaint, appellant raised three causes of action stemming from the facts set forth above: malicious prosecution, retaliation, discrimination and, while not clearly set forth but considered by the trial court and parties, abuse of process.
Appellees filed a motion to dismiss, arguing that appellant's claims were time-barred. On October 10, 1997, the trial court denied appellees' motion, finding that the accrual date of appellant's causes of action was January 16, 1996, the date the action was dismissed, not February 11, 1992, when the eviction judgment was granted or February 21, 1992, when appellant was actually evicted.
On June 30, 1998, appellees filed a motion for summary judgment supported by the deposition of appellant and affidavits of Kiely and Attorney Wilkins. Appellees again argued that the abuse of process, retaliation and discrimination claims were time-barred. Appellees then argued, as to the malicious prosecution claim, that no evidence existed to show that the action had been maliciously instituted.
In its July 19, 2000 judgment, the trial court agreed that is had previously erred in denying appellees' motion to dismiss as to the abuse of process and retaliation claims, but not the discrimination claim. The court then considered the discrimination and malicious prosecution claims under the summary judgment standard.
In considering the malicious prosecution claim, the court found that there was no evidence that appellees maliciously inserted the wrong zip code on the complaint. As to the discrimination claim, the trial court found that no genuine issue of fact existed to show that the eviction action was filed based upon appellant's race (Caucasian) or disability (epilepsy). The court then granted appellees' motion. From this judgment, appellant filed the instant appeal and raises the following assignments of error:
 "ASSIGNMENT OF ERROR NO. 1. "THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN GRANTING DEFENDANTS VISTULA, WILKINS, POWELL AND KIELY'S MOTION FOR SUMMARY JUDGMENT. THE RECORD FULLY CONSIDERED PROVES THESE ERRORS; AND THE FILED AND ADMITTED EVIDENCES SHOWED THAT, AFTER NOTICE TO THE DEFENDANTS THAT THE PURPORTED SERVICE OF SUMMONS AND COMPLAINT ON PLAINTIFF STUCKEY DID NOT REACH HIM UNTIL AFTER THE JANUARY 30, 1992, HEARING, AND NOT 5 DAYS BEFORE THE TRIAL DATE, REQUIRED UNDER ORC 1923.06. THE COURT DID NOT HAVE THE POWER TO EVICT PLAINTIFF STUCKEY, AND THEREFORE, ONCE EACH DEFENDANT HAD SUCH NOTICE OF THE CLAIMED FAILURE OF STATUTORY SERVICE, THEN EACH DEFENDANT WAS LIABLE TO PLAINTIFF FOR KNOWINGLY DEPRIVING PLAINTIFF STUCKEY OF HIS RIGHTS UNDER HIS LEASE FROM VISTULA TO AN APARTMENT, AND FOR EACH FAILING TO INVESTIGATE ALL FILINGS AND RECORDS OF MAILING ON JANUARY 28, 1992, OF SUMMONS TO PLAINTIFF STUCKEY, AS DEFENDANT WILKINS HAS ADMITTED KNOWING THE SAME WERE AVAILABLE AND KEPT BY THE MUNICIPAL COURT; AND FOR CONTINUING TO CLAIM NO DUTY ON DEFENDANT TO GIVE THE NEXT AVAILABLE APARTMENT AT MOODY MANOR TO PLAINTIFF STUCKEY, AND SINCE EACH DEFENDANT WAS UNDER A DUTY TO INVESTIGATE TO SEE WHAT THE TRUE FACTS DID AND DID NOT, ALLOW EACH DEFENDANT TO PROPERLY DO, EACH DEFENDANT WAS LIABLE FOR THE CONTINUED DENIAL OF STUCKEY'S LEASE RIGHTS, AND SUCH MALICIOUS PROVOCATION. EACH DEFENDANT IS LIABLE.
 "EACH DEFENDANT RECEIVED NOTICE AT A DIFFERENT TIME, BUT EACH DEFENDANT AFTER NOTICE ACTED KNOWINGLY, AND CONTINUED KNOWINGLY TO DEPRIVE PLAINTIFF STUCKEY OF A DECENT PLACE TO LIVE. EVERY PERSON NEEDS TO KNOW THE LIMITS OF WHAT THAT PERSON CAN DO LAWFULLY TO ANOTHER. ANY PERSON TRULY INTERESTED IN RESPECTING THE LAWFUL RIGHTS OF ANOTHER, WILL CHECK AND FIND OUT WHAT THE LIMITS ARE OF EACH PERSON'S DUTIES AND RIGHTS."
 "ASSIGNMENT OF ERROR NO. 2 "DEFENDANTS-APPELLEES VISTULA, ATTORNEY WILKINS, AND VALERIE POWELL, AND POTENTIALLY, MR. KIELY, BY USING THE WRONG ZIP CODE ON MR. STUCKEY'S ADDRESS, PROXIMATELY CAUSED MR. STUCKEY NOT TO RECEIVE SERVICE OF SUMMONS AND [SIC] OF THE VISTULA COMPLAINT FOR EVICTION, IN TIME FOR MR. STUCKEY TO KNOW OF, AND TO ATTEND, THE TRIAL: AND THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN NOT RECOGNIZING MR. STUCKEY'S CAUSE OF ACTION FOR SUCH WRONGFUL CONDUCT."
Appellant's assignments of error argue that appellant rightfully has claims against appellees stemming from the erroneous zip code and resulting lack of notice of the January 30, 1992 hearing.[1] For organizational purposes, we shall address appellant's first and second assignments of error together.
We first note that in reviewing a grant of summary judgment, this court must apply the same standard as the trial court. Summary judgment will be granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the non-moving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C).
As appellees correctly note, and upon close reading of appellant's brief we find that appellant fails to address the trial court's finding that his claims of retaliation and abuse of process were time-barred. Because this was argued in the trial court, we must address it herein.
In its judgment entry, the trial court cites R.C. 5321.02 as appellant's basis for his retaliation claim.[2] R.C. 5321.02 prohibits a landlord from commencing an eviction action in retaliation of, interalia, a tenant reporting a building violation to the appropriate governmental agency. If a landlord does so, a tenant may "[u]se the retaliatory action of the landlord as a defense to an action by the landlord to recover possession of the premises; * * *." (Emphasis added.) R.C. 5321.02(B)(1).
Upon reading the statute, we conclude that no independent cause of action exists. The statute permits a retaliation claim to be asserted only as a defense in an eviction action. Accordingly, while its basis was incorrect, the trial court correctly granted summary judgment on appellant's retaliation claim.
Abuse of process is shown where a claim has been instituted with probable cause, and even with ultimate success, but it has been perverted to accomplish an ulterior purpose thereby causing direct damage.Yaklevich v. Kemp, Schaeffer Rowe Co. (1994), 68 Ohio St.3d 294, 298. An action for abuse of process is governed by the four-year limitations period of R.C. 2305.09. Id. at 300.
Assuming the "ulterior purpose" was the ultimate forcible removal of appellant from his apartment, such action took place on February 21, 1992. Appellant filed the instant lawsuit on January 8, 1997, and, therefore, the claim was time-barred. We must note that even if the cause of action had been timely filed, there is no evidence in the record that appellees instituted the eviction action for any purpose other than appellant's nonpayment of rent.
Appellant next claims that appellees maliciously instituted the eviction action when they had no valid basis for so doing. Appellant asserts that as a result of this wrongdoing he lost all of his belongings.
The elements of malicious prosecution are malicious institution of prior proceedings, lack of probable cause for filing the prior lawsuit, termination of the prior proceedings in favor of the plaintiff, seizure of plaintiff's person or property in the prior proceedings. Crawford v.Euclid Natl. Bank (1985), 19 Ohio St.3d 135, 139.
In his deposition, Stuckey claimed that appellees instituted the eviction action against him because he had complained to the Department of Housing and Urban Development ("HUD") about the condition of his apartment. Other than the close timing of the complaint with the filing of the action, appellant had no evidence that the HUD complaint precipitated the eviction. As to the basis for the eviction action, nonpayment of rent, appellant admitted in his deposition that he owed back rent. Based upon the foregoing, we find that no genuine issue of fact exists as to appellant's malicious prosecution claim.
Appellant also argues that he was treated differently than the African American tenants who were able to "get away with" more rule violations. He also alleges that he was discriminated against due to his epilepsy. In his deposition, appellant admitted that he had no evidence that he had been discriminated against for either of the above reasons. Thus, no genuine issue of fact exists as to this claim.
Accordingly, we find appellant's first and second assignments of error not well-taken.
On consideration whereof, we find that substantial justice was done the party complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.
 ________________________ Peter M. Handwork, JUDGE
Richard W. Knepper, J. and Mark L. Pietrykowski, P.J. CONCUR.
[1] Appellant, in his merit brief, argues that appellees are liable for wrongful eviction. Because this claim was not raised in the trial court, we may not consider it on appeal. Thomas Steel, Inc. v. Wilson Bennett,Inc. (1998), 127 Ohio App.3d 96, 105.
[2] Appellant, in fact, sets forth the provision in his complaint.