DECISION AND JUDGMENT ENTRY
This appeal comes to us from a summary judgment issued by the Sandusky Municipal Court in favor of the defendants in a case involving allegations of false arrest, malicious prosecution, and abuse of process. Because we conclude that the trial court erred in granting summary judgment as to the false arrest and abuse of process claims, we reverse in part.
On September 29, 1998, appellant, David Aaron, filed suit against appellees, Ventor Group, Inc.[1] aka Footquarters Shoe Store, and Rebecca Chaffey, store manager. Appellant alleged facts which supported claims for false arrest, malicious prosecution, and abuse of process. The claims stemmed from an incident which took place in appellees' shoe store on September 29, 1997 — an incident that led to appellant's arrest.
Two weeks after appellant filed his law suit, the criminal charges that were filed against him when he was arrested were dismissed. Appellant's lawsuit remained pending until April 9, 1999. On that date, appellant advised the municipal court that he intended to transfer his suit to the Erie County Court of Common Pleas. The municipal court dismissed the action without prejudice. On February 22, 2000, appellant refiled his suit again, in the Sandusky Municipal Court. He was, however, unable to perfect service on appellees because of an address change. On January 2, 2001, appellant filed an amended complaint; the ammended complaint was served on appellees on January 18, 2001.
Appellees moved for dismissal/summary judgment, stating that all three claims accrued upon the dismissal of the criminal proceedings in October 1998. Appellees argued that the R.C. 2305.19 savings statute did not apply to any of appellant's claims because the original complaint was dismissed prior to the running of the applicable statute of limitations, which was one year from the dismissal. The trial court granted summary judgment as to all claims.
Appellant now appeals that judgment, setting forth the following sole assignment of error:
 "THE TRIAL COURT ERRED BY DISMISSING THE APPELLANT'S COMPLAINT WHEN THE STATUTE OF LIMITATIONS HAD NOT RUN OUT AND THERE WAS NO VIOLATION OF THE SAVINGS CLAUSE."
The standard of review of a grant or denial of summary judgment is the same for both a trial court and an appellate court. Lorain Natl. Bankv. Saratoga Apts. (1989), 61 Ohio App.3d 127, 129. Summary judgment will be granted if "the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of facts, if any, * * * show that there is no genuine issue as to any material fact and, construing the evidence most strongly in favor of the non-moving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law." Civ.R. 56(C).
Appellant's initial complaint included allegations in support of three possible causes of action: false arrest, malicious prosecution, and abuse of process.[2] It is undisputed that the initial complaint was timely filed on September 9, 1998, exactly one year after appellant's arrest on September 9, 1997. The complaint was then dismissed without prejudice on April 9, 1999. The savings statute, R.C. 2305.19, states:
 "In an action commenced, or attempted to be commenced, if in due time * * * the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of * * * failure has expired, the plaintiff * * * may commence a new action within one year after such date."
Whether or not any of appellant's claims survived pursuant to the savings statute will depend on the respective statutes of limitations.
The statute of limitations for a claim of false arrest is one year. R.C. 2305.11(A); Mayes v. City of Columbus (1995), 105 Ohio App.3d 728,746. A cause of action for false arrest accrues on the day of the complainant's arrest. Id.; See also Haller v. Borror (June 14, 1994), 1994 Franklin App. No. 93APE12-1657, unreported.
In the present case, since appellant's dismissal in April 1999 was after the one year statute of limitations had run, the savings statute is applicable. Appellant then timely refiled his complaint within one year from the dismissal as permitted by R.C. 2305.19. Therefore, the trial court erred in granting summary judgment as to the false arrest claim.
An action for malicious prosecution must also be brought within one year after the cause of action accrued. R.C. 2305.11(A); Yaklevich v.Kemp, Schaeffer Rowe Co., L.P.A. (1994), 68 Ohio St.3d 294, 299. However, a cause of action for malicious prosecution "accrues upon the rendition in the trial court of a judgment for the defendant in the action complained of * * *." Levering v. Natl. Bank (1912),87 Ohio St. 117, paragraph two of the syllabus.
In this case, appellant's cause of action for malicious prosecution did not accrue until the criminal charges were dismissed on October 14, 1998. Thus, at the time of appellant's dismissal in April 1999, the one year statute of limitations for malicious prosecution had not yet expired, and the savings statute was not applicable. In addition, the statute of limitations would have run on October 14, 1999, prior to appellant's refiling of the complaint. Therefore, the trial court properly granted summary judgment as to appellant's malicious prosecution claim.
Finally, an action for abuse of process against a private citizen or corporation is governed by the four-year limitations period of R.C.2305.09. Yaklevich, supra, at paragraph three of the syllabus. Consequently, the cause of action for abuse of process is not dependent upon the resolution of the underlying criminal proceeding, but accrues on the date of the allegedly tortious conduct. See Read v. Fairview Park, (Sept. 6, 2001) Cuyahoga App. No. 79036, unreported; Haller v. Borror,supra.
In this case, the accrual of the claim occurred on September 29, 1997, at the time appellees instituted criminal charges against appellant. The four-year statute of limitations had not expired when appellant filed his second complaint in February 2000 or the amended complaint in January 2001. As a result, there was no need to invoke the savings statute to restore the abuse of process claim. Therefore, the trial court erred in granting summary judgment as to the abuse of process claim.
The judgment of the Sandusky Municipal Court is affirmed in part and reversed in part, and remanded for proceedings consistent with this decision. Court costs of this appeal are assessed equally between appellant and appellees.
JUDGMENT AFFIRMED IN PART AND REVERSED IN PART.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J., Melvin L. Resnick, J., JUDGES CONCUR.
[1] We note that in some of the pleadings, the spelling of this party's name is indicated as "Venator." Since nothing has been filed to indicate any error, we will refer to the party as "Ventor" as designated in the caption.
[2] Although appellant's complaint lists only two counts, the allegations in the second count provide notice of a claim for either malicious prosecution or abuse of process. The three elements of the tort of abuse of process are: (1) that a legal proceeding has been set in motion in proper form and with probable cause; (2) that the proceeding has been perverted to attempt to accomplish an ulterior purpose for which it was not designed; and (3) that direct damage has resulted from the wrongful use of process. Yaklevich v. Kemp, Schaeffer Rowe Co.,L.P.A. (1994), 68 Ohio St.3d 294, paragraph one of the syllabus.