**Megan A. RISNER, Plaintiff,**

**v.**

**SHOPKO STORES, INC., Defendant.**

**No. 3:03 CV 7714.**

United States District Court,
N.D. Ohio,
Western Division.

July 1, 2004.

John D. Allton, Hiltz, Wiedemann, Allton & Koch Co. L.P.A., Norwalk, OH, Byron S. Choka, Spengler Nathanson, Toledo, OH, Curtis J. Koch, Hiltz, Wiedemann, Allton & Koch, Norwalk, OH, for Megan N. Risner, Plaintiff.

Gregory V. Mersol, Baker & Hostetler, James A. Slater, Jr., Baker & Hostetler, Terry M. Brennan, Baker & Hostetler, Cleveland, OH, for Shopko Stores Inc., dba Pamida Discount Stores, Christopher Cottrell, Defendant.

## ORDER

CARR, District Judge.

This is a diversity suit by a former employee, Megan A. Risner, against her former employer, ShopKo Stores, Inc., and one of its employees, Christopher Cottrell. Plaintiff alleges various causes of action arising from her termination and prosecution on the basis of allegations that she had stolen about $3,000 from the defendant. Following a mistrial and, ultimately, dismissal by the prosecutor of a felony-level criminal charge against the plaintiff, she brought this suit.

Pending is the defendant's motion for summary judgment. For the reasons that follow, the motion shall be granted.

## BACKGROUND

Plaintiff Risner, a college student, started working in the defendant's Willard, Ohio, store in June, 2002. ShopKo determined that plaintiff was engaging in

suspicious transactions involving spurious refunds to customers for items that had initially been rung up and paid for. Defendant Cottrell, a loss prevention investigator for defendant, confronted the plaintiff about the spurious transactions.

The confrontation, during which plaintiff confessed to the fake transactions and described how she had committed them, occurred in the company of a co-worker. Plaintiff claims, without providing a supporting affidavit from the co-worker or other independent evidence, that her confession to Cottrell was coerced as the result of lies and threats.

After her confession to Cottrell, the plaintiff repeated her confession to Officer Todd Whitman of the Willard Police Department. Prior to speaking with the plaintiff, Officer Whitman advised plaintiff of her *Miranda* rights, and she agreed to talk to him. Plaintiff acknowledges that her statement to Officer Whitman was voluntary.

Without urging or other involvement on the part of the defendant, the Willard Law Director filed a felony charge against the plaintiff. The Norwalk Municipal Court bound her over to the Huron County grand jury, which returned an indictment.

During the ensuing trial, confusion arose about how the plaintiff's alleged thefts had been accomplished. After the prosecutor, who acknowledged his own lack of understanding about that aspect of his case, concluded that he lacked certain records, the trial judge declared a mistrial. Four months later, after plaintiff had taken a polygraph examination, the prosecutor dismissed the charges.

As filed, plaintiff's complaint alleged six claims: 1) slander; 2) intentional or negligent infliction of emotional distress; 3) malicious prosecution; 4) wrongful discharge; 5) abuse of process; and 6) negligent supervision. In her response to defendant's motion for summary judgment, which seeks judgment as to all claims, plaintiff has acknowledged that she cannot recover on her claims of slander, intentional or negligent infliction of emotional distress, and malicious prosecution.

At issue, therefore, are plaintiff's claims for wrongful discharge, abuse of process, and negligent supervision. Defendant's motion shall be granted.[1]

## DISCUSSION

### A. Wrongful Discharge

Plaintiff alleges that she was fired after Cottrell coerced a confession from her. According to plaintiff's affidavit, Cottrell was confrontational, arguing with and interrupting her, lied to her about the purpose of the interview, accused her of stealing, stated he knew she was guilty, and had tapes to prove it, threatened her with jail, said he would help her with her boss if she cooperated, and told her that, if she did not confess, her name would go on a database that would result in her never being hired by anyone.

■ Plaintiff does not dispute the defendant's contention that she was an at-will employee, and therefore subject to dismissal at any time with or without cause as long as her termination was not contrary to law. *Mers v. Dispatch Printing Co.*, 19 Ohio St.3d 100, 483 N.E.2d 150 (1985) (Syllabus, ¶ 1). In trying to recover, despite

1. Cottrell has not been served, though this suit has been pending for more than eight months since its initial filing in the Huron County, Ohio, Court of Common Pleas, from which defendant ShopKo timely removed it to this court more than seven months ago. Plaintiff's complaint against Cottrell shall be dismissed for want of prosecution. Fed. R.Civ.P. 4(m) (requiring service within 120 days).

828

her at-will status, plaintiff relies on the "public policy" exception to the at-will doctrine, which the Ohio Supreme Court first enunciated in *Greeley v. Miami Valley Maintenance Contractors, Inc.*, 49 Ohio St.3d 228, 551 N.E.2d 981 (1990), and extended in *Painter v. Graley*, 70 Ohio St.3d 377, 639 N.E.2d 51 (1994). As stated in *Painter*, a discharged employee may maintain a cause of action where she lost her job due to her employer's violation of the federal or state constitution, a statute, or a common law doctrine. *Id.* (Syllabus, ¶ 3).

■ Plaintiff points to neither a constitutional provision, statute, nor common law doctrine that makes coercion on the part of a private individual a violation of law. With regard to law enforcement officers, no § 1983 claim arises against officers who have used coercive tactics unless the resulting confession was used at trial. *U.S. v. Verdugo-Urquidez*, 494 U.S. 259, 264, 110 S.Ct. 1056, 108 L.Ed.2d 222 (1990) ("The privilege against self-incrimination guaranteed by the Fifth Amendment is a fundamental trial right of criminal defendants. Although conduct by law enforcement officials prior to trial may ultimately impair that right, a constitutional violation occurs only at trial.") (citations omitted).

■ As noted, plaintiff has not cited to any statutory or common law basis for her claim that Cottrell acted in violation of such statute or doctrine, even if he deceived and coerced her into giving her statement. Thus, even if plaintiff's statement was involuntary and the product of coercive pressures, plaintiff has not met her initial burden of showing, as a matter of law, that Cottrell acted unlawfully. Thus, she cannot prevail on her claim that she was fired in violation of Ohio public policy.

■ In addition, even had plaintiff shown that Cottrell acted unlawfully, she has not shown that her resulting statement was a factor in the defendant's decision to terminate her employment. She does not contest the defendant's contention that substantial grounds existed to suspect that she was a thief. Plaintiff has to show a nexus between the loss of her job and the employer's violation of law. *See Boyd v. Winton Hills Med. & Health Ctr., Inc.*, 133 Ohio App.3d 150, 159, 727 N.E.2d 137 (1999). Plaintiff has not, however, suggested, much less shown, that she would have kept her at-will job but for her allegedly coerced statement. *Cf. Price Waterhouse v. Hopkins*, 490 U.S. 228, 109 S.Ct. 1775, 104 L.Ed.2d 268, (1989) (defendant may avoid finding of liability in employment discrimination case where it would have made same decision even if it had not taken plaintiff's gender into consideration in adverse employment action).

Plaintiff cannot prevail on her claim that she was discharged wrongfully.

## B. Abuse of Process

■ To prevail on a claim of abuse of process, a plaintiff must prove:

(1) that a legal proceeding has been set in motion in proper form and with probable cause; (2) that the proceeding has been perverted to attempt to accomplish an ulterior purpose for which it was not designed; and (3) that direct damage has resulted from the wrongful use of process.

*Yaklevich v. Kemp, Schaeffer & Rowe Co., L.P.A.*, 68 Ohio St.3d 294, 626 N.E.2d 115 (1994) (Syllabus, ¶ 1).

■ Plaintiff asserts that the defendant committed an abuse of process when Cottrell failed to provide certain electronically stored records to the prosecutor. As noted, this omission on his part led to the declaration of a mistrial and, ultimately, dismissal of the charges against the plaintiff. Plaintiff has not, however, pointed to any "ulterior purpose" on Cottrell's part

that would have led him to withhold the records.

 As noted in *Yaklevich*, the "key consideration in an abuse of process action is whether an improper purpose was sought to be achieved by the use of a lawfully brought previous action." *Id.* at 300, 626 N.E.2d 115. Plaintiff has not met her burden as to this element, as she has not even suggested any improper purpose on Cottrell's part. Indeed, plaintiff has not suggested or shown—and it is difficult to imagine that she could do so under the circumstances—that the records at issue would have been helpful, much less exculpatory. Thus, plaintiff has not shown that the proceeding, even if plaintiff plausibly could view it as having been "corrupted," was tainted by Cottrell "to accomplish an ulterior purpose for which it was not designed." *Id.* at 294, 626 N.E.2d 115, Syllabus, ¶ 1.

Finally, and most significantly, plaintiff has not shown that she was harmed as a result of Cottrell's failure to produce the records. To the contrary, when the ultimate outcome is taken into account, as it must be, Cottrell's failure to give the records to the prosecutor (and the prosecutor's correlative failure to ask for them) benefited the plaintiff.

Thus, there is no merit to plaintiff's abuse of process claim.

### C. Negligent Supervision

 The elements of a claim of negligent supervision are the same as those of a claim of negligent hiring or retention. *Browning v. Ohio State Hwy. Patrol,* 151 Ohio App.3d 798, 810, 786 N.E.2d 94 (2003). Those elements are:

1) an employment relationship;

2) the employee's incompetence;

3) the employer's actual or constructive knowledge of such incompetence;

4) the employee's act or omission causing the plaintiff's injuries; and

5) the employer's negligence in hiring or retaining the employee as the proximate cause of plaintiff's injuries.

*Peterson v. Buckeye Steel Casings,* 133 Ohio App.3d 715, 728, 729 N.E.2d 813 (1999).

 Plaintiff has failed to show that the defendant had either actual or constructive knowledge of any incompetence on Cottrell's part. She has, moreover, failed to show any injuries that may have resulted from any such incompetence. There is no merit to this claim.

## CONCLUSION

For the foregoing reasons, it is

ORDERED THAT

1. Defendant ShopKo's motion for summary judgment be, and the same hereby is, granted; and

2. Plaintiff's complaint against the defendant Cottrell be, and the same hereby is, dismissed for want of prosecution.

So ordered.