OPINION
{¶ 1} Lonnie Robinson appeals from the judgment of the Montgomery County Common Pleas Court dismissing his complaint for abuse of process filed against the Masonic Health Care, Inc., the Ohio Masonic Home, and Linda Luttrel.
 {¶ 2} Robinson's complaint set out the following factual and legal allegations. Robinson asserted that he was the son of Eva Gose and the stepson of the late Willard Gose. He asserted that in the later years of his life Willard was a patient at the Ohio Masonic Home operated by Masonic Health Care, Inc. Robinson asserted that Linda Luttrel was the Administrator and President of Masonic Health Care, Inc. and Vice-President of the healthcare component of the Ohio Masonic Home and acted as their agent. He also asserted that Masonic Health Care, Inc. was a wholly-owned subsidiary of the Ohio Masonic Home. Robinson stated that the defendants claim there was an outstanding unpaid bill for services rendered Willard by the defendants, and that Eva Gose disputed the amount owed the defendants for her late husband's care.
 {¶ 3} Robinson stated that Eva sent a check to Masonic Health Care, Inc. identified as full and final payment and the check was cashed by the defendants. Robinson asserted that despite the payment made by Eva Gose, the defendants opened a probate estate in Montgomery County and had Linda Luttrel appointed as administrator to pursue their claim against Eva and Lonnie for concealing assets of Willard Gose to avoid paying his just debt to the defendants. Robinson asserted that Ms. Luttrel filed suit in Montgomery County Common Pleas Court on July 26, 1999 against Eva and him pursuing claims of unjust enrichment, conversion, and a claim for account stated.
 {¶ 4} Robinson then asserted that Eva Gose was again sued by Masonic Health Care, Inc. in the Clark County Common Pleas Court again alleging that she failed to pay the plaintiff the cost of her late husband's health care. Robinson then asserted that this case was transferred to Montgomery County Common Pleas Court and consolidated with Montgomery County CV3169. Robinson then asserted that the Montgomery County Probate Court denied Masonic Health Care, Inc.'s claim against the estate of Willard Gose as untimely.
 {¶ 5} Robinson asserted that the Montgomery County Common Pleas Court in the consolidated case then granted summary judgment to him on July 31, 2000. On March 15, 2002, the defendants voluntarily dismissed their claims against Eva Gose. On July 12, 2002, Masonic Health Care, Inc. filed a new complaint against both Robinson and Eva Gose again asserting the same claims as before. On January 16, 2002, the Clark County Common Pleas Court granted summary judgment to Robinson on resjudicata grounds. Robinson asserted the lawsuits filed by the defendants in Montgomery County and Clark County were an abuse of process because they were filed without any legitimate basis, with malice, and upon no enforceable claims. Robinson claimed the suits were filed with the ulterior purpose of harassing him and his mother to force them to pay the defendants monies to which they were not entitled.
 {¶ 6} On March 17, 2005, the defendants moved to dismiss Robinson's lawsuit on the basis that the claims were barred by the statute of limitations and failed to state a claim upon which relief could be granted.
 {¶ 7} The trial court granted the defendants' motion to dismiss, finding that the statute of limitations prevented Robinson from pursuing his abuse of process claims for all the actions filed by the defendants against him except for the complaint filed on July 12, 2002 in Clark County. The court found that the surviving abuse of process claim failed to state a claim because the claim did not assert facts that the defendants perverted a legal proceeding for an improper purpose for which it was not designed. The court also found Robinson's claims for malicious prosecution were barred by the applicable statute of limitations.
 {¶ 8} In a single assignment, Robinson contends the trial court erred in granting the defendants' dismissal motion because he adequately pled a claim for abuse of process for the lawsuit filed on July 12, 2002.
 {¶ 9} Robinson contends his complaint adequately pled the elements of the tort of abuse of process as that tort has been defined by the Ohio Supreme Court, namely a legal proceeding has been set in motion and proper form and with probable cause, the proceeding has been perverted to attempt to accomplish an ulterior purpose for which it was not designed and direct damage has resulted from the wrongful use of the process. Yanklevich v.Kemp Schaeffer and Roe Co., L.P.A. (1994), 68 Ohio St.3d 294,298.
 {¶ 10} The appellees argue that the trial court properly dismissed Robinson's complaint because it does not allege that Masonic Health Care, Inc. or the other defendants used a civil action to accomplish any purpose other than seeking payment for services which were rendered to Willard Gose prior to his death.
 {¶ 11} A Motion to Dismiss under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. State ex rel. Hansonv. Guernsey (1992), 65 Ohio St.3d 545. When considering a motion to dismiss brought pursuant to Civ.R. 12(B)(6), a court may consider only the averments contained in the complaint, not matters outside the pleadings. State ex rel. Karmasu v. Tate
(1992), 83 Ohio App.3d 199, 207. In order to dismiss a complaint under Civ.R. 12(B)(6) "it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling [it] to recovery." O'Brien v. Univ. Community Tenants Union,Inc. (1975), 42 Ohio St.2d 242 at syllabus.
 {¶ 12} The court noted in Yanklevich, in reference to the second element, that "there is no liability for [abuse of process] where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions." 68 Ohio St.3d at 298, fn. 2, citing Prosser 
Keeton, Law of Torts (5th Ed. 1984) 898.
 {¶ 13} In a later case, the Supreme Court stated that "`[a]buse of process' * * * connotes the use of process properly initiated for improper purposes." Robb v. Chagrin Lagoons YachtClub, Inc. (1996), 75 Ohio St.3d 264, 271, 662 N.E.2d 9, 14. In explaining this concept, the court stated:
 {¶ 14} "In an abuse of process case, `[t]he improper purpose usually takes the form of coercion to obtain a collateral advantage, not properly involved in the proceeding itself, such as the surrender of property or the payment of money, by the use of the process as a threat or a club.' Prosser Keeton on Torts (5 Ed. 1984), Section 121. Simply, abuse of process occurs where someone attempts to achieve through use of the court that which the court is itself powerless to order." Id. At 271,662 N.E.2d at 14.
 {¶ 15} The facts in Robb provide an excellent example of the use of process for an improper, ulterior purpose. In that case, the defendants, who were members of a yacht club, had club grievances filed against them by another member. The defendants thereafter filed multiple lawsuits against the yacht club. A letter written by one of the defendants to the membership stated that the lawsuits would be dismissed if the grievances were dropped. The Supreme Court held that "reasonable minds could conclude that [the defendants] instituted at least one of their suits with the intention to use it as a club to coerce the membership to vote in their favor," regarding their grievances.Id. The Supreme Court noted that "the trial court had no authority to order club members how to vote." Id. Therefore, there was clear evidence that the lawsuits filed by the defendants against the yacht club were filed for an ulterior, improper purpose.
 {¶ 16} In his complaint, Robinson contends that Masonic Healthcare, Inc. "maliciously and wrongfully filed the July 12, 2002 complaint presenting claims previously presented in an attempt to collect debts owed Masonic." If one uses process properly, but with a malicious motive, there is no abuse of process, though a claim for malicious prosecution may lie. Abuse of process occurs only when someone attempts to achieve through use of the court that which the court is powerless to order.Robb v. Chagrin Lagoons Yacht Club, Inc., supra at 271. Robinson's complaint states clearly Masonic sought to collect debts by filing its complaint in the Clark County Common Pleas Court in 2002. The Clark County Common Pleas Court was empowered to enter judgment for money damages in Masonic's favor. If the complaint was filed with no legal basis because of a defense ofres judicata, Robinson may have had a claim for malicious prosecution but an action for abuse of process will not lie from the allegations of his complaint. The trial court properly granted the defendants' motion to dismiss.[1] The assignment of error is Overruled.
 {¶ 17} The Judgment of the trial court is Affirmed.
Wolff, J., and Valen, J., concur.
(Hon. Anthony Valen, retired from the Twelfth Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).
[1] Parenthetically, we note that Robinson's complaint was susceptible to a motion to dismiss for a second, independent reason. As noted above, an essential element of an abuse-of-process claim is "that a legal proceeding has been set in motion in a proper form and with probable cause." Yaklevich,68 Ohio St.3d at 298. In the present case, however, both counts of Robinson's complaint allege that all of the actions against him were filed "without any legitimate basis," "upon no colorable claims," and "without probable cause." See Complaint, Doc. #1, ¶ 21, 26, 28. When a plaintiff's abuse-of-process claim expressly alleges the absence of probable cause, it is subject to dismissal under Civ.R. 12(B)(6). Nationwide Ins. Enterprises v.Progressive Specialty Ins. Co. (July 26, 2001), Franklin App. No. 00AP-1474; Clauder v. Holbrook (Jan. 28, 2000), Hamilton App. No. C-990145.