DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Defendant-Appellant The Cambridge Company ("Cambridge") has appealed from the judgment of the Summit County Court of Common Pleas which granted summary judgment in favor of Plaintiff-Appellee Edward D. Jones Co., L.P., ("Jones") on Cambridge's abuse of process claim. This Court affirms.
 I *Page 2 {¶ 2} This matter originated when Jones filed its complaint against Lewis Wentz seeking a temporary protection order, an injunction, and ejectment of Wentz. Specifically, Jones sought to have Wentz removed from commercial space that Jones believed it was entitled to under a lease agreement. During the litigation, Jones amended its complaint to include a breach of lease claim against Cambridge. At that time, Cambridge was the landlord of the premises that Wentz was currently renting. Cambridge later counterclaimed against Jones, asserting an abuse of process claim. Cambridge also alleged numerous other claims against Jones including fraud, but none of those claims are the subject of this appeal. Accordingly, only the relevant procedural history is discussed herein.
 {¶ 3} The issues below were bifurcated. Specifically, Jones' ejectment claim against Wentz was tried to a magistrate. The magistrate concluded that Jones was under a month-to-month lease with Cambridge. As such, the magistrate concluded that such a lease had expired and that Jones therefore was not entitled to occupy the rental space or have Wentz removed from those premises. Jones objected to the magistrate's decision, and the trial court overruled those objections and entered judgment in favor of Wentz on the ejectment claim. Roughly seven weeks later, Jones dismissed its breach of lease claim against Cambridge, based upon the magistrate's findings and conclusions.
 {¶ 4} Jones then moved for summary judgment on Cambridge's abuse of process claim. The trial court denied the motion, finding that the timing of Jones' *Page 3 
dismissal of its claims against Cambridge created an issue of fact with respect to the abuse of process claim. Jones then moved for reconsideration of this interlocutory order, asserting that there was no evidence that it had perverted the legal proceedings. The trial court granted the motion for reconsideration and granted summary judgment in Jones' favor on Cambridge's abuse of process claim. Cambridge has timely appealed the trial court's order, raising one assignment of error for review.
 II Assignment of Error "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT DENYING CAMBRIDGE'S ABUSE OF PROCESS COUNTERCLAIM."
 {¶ 5} In its sole assignment of error, Cambridge has asserted that the trial court erred in granting summary judgment. Specifically, Cambridge has argued that a genuine issue of material fact exists regarding whether Jones perverted the legal process. This Court disagrees.
 {¶ 6} This Court reviews an award of summary judgment de novo.Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. We apply the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983),13 Ohio App.3d 7, 12, certiorari denied (1986), 479 U.S. 948. *Page 4 
 {¶ 7} Pursuant to Civil Rule 56(C), summary judgment is proper if:
 "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327.
 {¶ 8} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. Dresher v. Burt (1996), 75 Ohio St.3d 280, 292-93. Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). Id. Once this burden is satisfied, the non-moving party bears the burden of offering specific facts to show a genuine issue for trial. Id. The non-moving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that demonstrates a genuine dispute over a material fact. Henkle v.Henkle (1991), 75 Ohio App.3d 732, 735.
 {¶ 9} A claim for abuse of process has three elements:
 "(1) that a legal proceeding has been set in motion in proper form and with probable cause; (2) that the proceeding has been perverted to attempt to accomplish an ulterior purpose for which it was not designed; and (3) that direct damage has resulted from the wrongful use of process." (Footnote omitted.) Yaklevich v. Kemp, Schaeffer Rowe Co., L.P.A. (1994), 68 Ohio St.3d 294, 298.
"Simply, abuse of process occurs where someone attempts to achieve through use of the court that which the court is itself powerless to order." Robb v. Chagrin *Page 5 Lagoons Yacht Club (1996), 75 Ohio St.3d 264, 271. "In an abuse of process case, `the improper purpose usually takes the form of coercion to obtain a collateral advantage, not properly involved in theproceeding itself, such as the surrender of property or the payment of money, by the use of the process as a threat or a club.` (Emphasis added.) Id., quoting Prosser Keeton on Torts, (5 Ed.1984), 898, Section 121.
 {¶ 10} In the instant matter, neither party has disputed that Cambridge satisfied the first and third elements of an abuse of process claim. Cambridge, however, has argued that a question of fact remains surrounding the second element of its claim, the perversion element.
 {¶ 11} We begin by noting that the trial court's initial denial of Jones' motion for summary judgment relied upon a belief that an issue of fact existed surrounding the timeliness of Jones' dismissal of certain claims against Cambridge. Specifically, the trial court noted that Cambridge had argued that Jones learned early on in the litigation that its breach of contract claim was not viable and that its delay in dismissing that claim constituted a perversion of the proceedings. In the trial court and on appeal, Cambridge has identified no law to support this novel theory. Rather, the record reflects that Jones' ejectment action was determined by a magistrate to lack merit. Specifically, the magistrate determined that Jones did not have a current lease with Cambridge and therefore could not prevail on its ejectment claim. Jones objected to that determination, but *Page 6 
its objections were overruled by the trial court on February 22, 2006. Despite this conclusion, Cambridge did not move for judgment on Jones' remaining breach of contract claim. However, the next time the parties had a hearing before the trial court, Cambridge dismissed its breach of contract claim. Cambridge has not explained nor has this Court found any law which would explain how these actions by Jones perverted the legal process. Rather, it appears that Jones recognized that the magistrate's decision and the trial court's adoption of that judgment effectively decided its breach of contract action and therefore dismissed that cause of action. As a matter of law, this action cannot be labeled as a perversion of the legal process.
 {¶ 12} In further support of its claim Cambridge relied upon the affidavit of an officer of Cambridge who averred as follows:
 "Jones attempted to coerce Cambridge to perform the following specific acts:
 "a. Cambridge to dismiss its claims against third parties;
 "b. Cambridge to honor the decision in litigation between Jones and Wentz;
 "c. Cambridge to take all necessary steps to remove Wentz from the premises, which premises included space that was never subject to any lease with Jones;
 "d. Cambridge to lease space to Jones pursuant to the terms of a previous agreement, Lease Amendment 1, rather than the last agreement, Lease Amendment 2;
 "e. Cambridge to seek damages from Wentz;
 "f Cambridge to contractually hold Jones harmless from damages; *Page 7 
 "g. Cambridge to lease to Jones space occupied by Wentz that was never before the subject of any lease agreement with Jones; and,
 "h. Cambridge to lease to Jones space at a rent deemed reasonable by Jones."
Cambridge has asserted that these above demands perverted the legal process. We disagree.
 {¶ 13} Initially, we note that Cambridge appears to have argued thatany settlement demand that goes beyond the relief requested in the complaint is a perversion of the legal process. Cambridge, however, has offered no legal support for this theory. Furthermore, Robb makes clear that perversion of the legal process requires demands which are not properly involved in the proceeding. Robb, 75 Ohio St.3d at 271. NeitherRobb nor any other authority has held that a settlement demand is improper solely on the basis that it is a form of relief not requested in the pleadings before the trial court. Moreover, as the public policy of this State unquestionably encourages settlement negotiations, Cambridge's position that any such demand subjects a party to an abuse of process claim is untenable.
 {¶ 14} We begin our analysis by noting that Jones has not disputed that settlement demands were made, but has asserted that none of its demands were improper. As Jones was granted summary judgment, however, we review the evidence in a light most favorable to the non-moving party, Cambridge. Accordingly, for the purpose of summary judgment we will assume that the above *Page 8 
demands as detailed by Cambridge were made by Jones. It is undisputed that if any of the above demands were made, they were made during the course of settlement negotiations and prior to the magistrate deciding any of Jones' causes of action.
 {¶ 15} In its initial suit, Jones sought to have Wentz ejected from the property managed by Cambridge. Specifically, Jones asserted that it had a valid lease agreement with Cambridge and that Cambridge had violated that lease by permitting Wentz to use the property at issue. Prior to a court determination that it lacked a valid lease, Jones became involved in the above-described settlement negotiations. Based upon Jones' pending causes of action, we cannot say that Jones' settlement demands constituted a perversion of the legal process. Rather, each of the demands made by Jones was properly tied to the subject matter of its initial lawsuit.
Dismissal of claims against third parties {¶ 16} At the time of these negotiations, Cambridge had claims pending against brokers that Jones had used to negotiate the lease at issue. Thus, there was nothing improper about Jones seeking to shield its agents from liability through settlement. Rather, Jones appropriately sought a resolution which would have ended the instant litigation in its entirety as it related to both Jones and its agents.
Honoring the decision of the litigation between Jones and Wentz *Page 9 {¶ 17} This request by Jones was also directly tied to the litigation. Jones was seeking to have Wentz removed from the property through ejectment. In addition, Jones had alleged various other causes of action against Wentz. At the same time, Cambridge believed that it had a valid lease only with Wentz. Accordingly, if the trial court accepted Jones' argument or Jones settled with Wentz, it would be appropriate for Jones to seek out a resolution with Cambridge that would be consistent with the judgment against Wentz. For example, if Wentz agreed to vacate the premises, he would want assurances that Cambridge would not pursue a breach of lease claim against him. Accordingly, it was proper for Jones to seek assurances from Cambridge that it would honor any resolution of the lease issue that Jones reached with Wentz.
Take all steps to remove Wentz from the property {¶ 18} As stated previously, Jones believed that it had a viable lease with Cambridge and that therefore Wentz was improperly occupying its rental space. If Jones had been successful in its ejectment proceeding, Wentz would have been removed from that space. Accordingly, requesting that Cambridge honor what Jones believed to be a valid lease and remove Wentz from the property cannot be said to be improper.
Lease space to Jones under a prior version of the lease; lease spacecurrently occupied by Wentz; and lease to Jones at rent determined byJones to be reasonable *Page 10 {¶ 19} In each of these demands, Jones sought to alter the lease which it believed that Cambridge had violated. If Jones had been successful in its breach of lease cause of action, it would have recovered monetary damages. Accordingly, during settlement negotiations, it was proper for Jones to seek alternatives to these damages. These alternatives included recognizing an older version of the current lease, changing the size of the space rented under the lease, and changing the amount of rent paid by Jones. These are all legitimate methods for settling Jones' outstanding breach of lease cause of action. Accordingly, we cannot say that these demands perverted the legal process.
 {¶ 20} Moreover, to the extent that Cambridge has alleged that these demands infringed upon the rights of Wentz, the demands by Jones are explained by their pending action against Wentz. In that action, Jones alleged that Wentz had engaged in fraud to secure Jones' termination of its lease and thereby obtained his own lease with Cambridge. If successful on this cause of action, Wentz' lease with Cambridge would have effectively been terminated. Accordingly, seeking to establish that result with Cambridge was not improper.
 {¶ 21} Additionally, we find nothing perverse about Jones' suggestion that it would rent additional space from Cambridge. In the trial court, Jones believed that Wentz had improperly negotiated his lease with Cambridge through the fraud he had perpetrated on Jones. Through its settlement offer, Jones would have paid rent for the additional space that Wentz had acquired through his new lease. In *Page 11 
this manner, Cambridge would not lose revenue if it removed Wentz from the premises. As such, we find nothing improper in this settlement demand.
Seek damages from Wentz and hold Jones harmless {¶ 22} Cambridge's final two claims of perversion are also properly explained by the claims pending in this action. Both Wentz and Jones claimed to have valid leases for the property managed by Cambridge. Accordingly, if through settlement Cambridge agreed to lease the space to Jones, both Jones and Cambridge could conceivably be sued by Wentz. Accordingly, Jones sought indemnification from Cambridge against any claim by Wentz. This demand was again based upon Jones' belief that it had a valid lease with Cambridge and that any suit by another lessee would be meritless.
 {¶ 23} Moreover, as detailed above, Jones believed that Cambridge was in breach of its lease to Jones. As such, Jones attempted to renegotiate the terms of its lease. Jones, therefore, sought assurances that any damages suffered by Cambridge through its fulfillment of the lease with Jones would be recovered from Wentz and not through a suit against Jones. Once more, Jones relied upon its pending fraud claim against Wentz to assert that any damages caused by the pending lawsuit resulted from Wentz' actions and that therefore Cambridge should pursue damages only against Wentz. Accordingly, we again find nothing improper about this demand.
Summary Court of Appeals of Ohio, Ninth Judicial District *Page 12 {¶ 24} Each of the alleged demands made by Jones was directly tied to the litigation pending in the trial court. There is nothing in the record to support Cambridge's argument that the above demands made by Jones or their functional equivalents could not have been achieved through the legal process. If Jones had been successful in each of its alleged causes of action, it would have been placed in nearly the identical situation as would have occurred if Cambridge had agreed to each of Jones' settlement demands. Specifically, Jones would have been awarded damages from Cambridge's breach of the lease; Wentz would have been ejected from the property; and Wentz's new lease likely would have been declared void as it was achieved through his fraudulent representations to Jones. These are the same objectives which Jones sought to achieve through settlement. Accordingly, as a matter of law, Cambridge presented no evidence that Jones perverted the legal process. The trial court, therefore, properly found that Cambridge's abuse of process claim was not viable. Cambridge's sole assignment of error lacks merit. *Page 13 
 III {¶ 25} Cambridge's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
 Costs taxed to Appellant. *Page 14 
 MOORE, J. DICKINSON, J. CONCUR *Page 1