[Cite as *Losch & Assocs., Inc. v. Polonczyk*, 2016-Ohio-4950.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| LOSCH & ASSOCIATES, INC., | : | APPEAL NO. C-150716 |
| Plaintiff-Appellee, | | TRIAL NO. A-1403754 |
| vs. | : | *O P I N I O N.* |
| THADDEUS J. POLONCZYK, | : | |
| Defendant-Appellant/Third-Party Plaintiff, | : | |
| vs. | | |
| | : | |
| DANIEL P. LOSCH, | | |
| Third-Party Defendant. | : | |


Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: July 15, 2016


*Wood & Lamping LLP,* and *C.J. Schmidt*, for Plaintiff-Appellee,

*FisherBroyles, LLP,* and *David G. Kern*, for Defendant-Appellant/Third-Party Plaintiff.

SYLVIA S. HENDON, **Presiding Judge.**

{¶1} Defendant-appellant/third-party plaintiff Thaddeus Polonczyk challenges both the trial court's grant of summary judgment to plaintiff-appellee Losch & Associates, Inc., on Polonczyk's claims for abuse of process and wrongful discharge in violation of public policy, and the trial court's denial of his motion for sanctions.

{¶2} Because the trial court did not err in granting summary judgment to Losch & Associates, and because it properly denied Polonczyk's motion for sanctions, we affirm its judgments.

### *Background and Procedure*

{¶3} Daniel Losch is the president of Losch & Associates, an insurance agency that primarily sells insurance for Allstate. Losch hired Polonczyk to work for his agency as a sales associate in November of 2012. Upon his hiring, Polonczyk executed a nondisclosure, nonsolicitation, and noncompete agreement with Losch & Associates, and a confidentiality and noncompetition agreement with both Losch & Associates and Allstate. The agreement executed between Polonczyk and Losch & Associates placed various restrictions on Polonczyk for a 24-month period after his employment was terminated, and it included a provision that he could not become an employee of any competitive agency located within 60 miles of the office of Losch & Associates. The second agreement, to which Allstate was also a party, placed similar restrictions on Polonczyk for a one-year period after his employment was terminated and prohibited him from working for any competitor located within one mile of Losch & Associates during that period.

{¶4} In February of 2013, Polonczyk was promoted into the position of sales manager. But approximately nine months later, due to poor performance, Polonczyk was made a commercial manager and his commission structure was changed. While employed by Losch & Associates, Polonczyk had concerns that the agency was engaging in several unethical practices, including sharing Allstate computer passwords, utilizing fake names when engaging with customers, and improperly storing customers' social security numbers. Polonczyk filed anonymous complaints with both Allstate and the Ohio Department of Insurance regarding his concerns.

{¶5} Polonczyk took a short leave of absence from work at the end of December 2013. And in January of 2014, he rarely appeared at work. Although Losch & Associates was unaware of it at the time, Polonczyk had been training with another insurance agency during his absence in January. On January 21, 2014, Polonczyk sent a text message resigning his employment to Daniel Losch. The text message read "I've decided to accept one of the offers from another company. I start immediately when I get back. I will bring in the computer and pick up my W2 at the end of this week. I will be unavailable till then. I resign my position with your agency effective immediately." Upon receiving this message, Losch texted the following response to Polonczyk, "Your employment was terminated last Friday when you didn't come in to work. I will process your final pay check and have it for you on Friday when you bring in the computer. Also as a reminder, do not delete any work files from the computer."

{¶6} After his employment with Losch & Associates ended, Polonczyk began working for two different insurance agencies, Physicians Mutual and the Whitehouse Agency. With the belief that Polonczyk was violating the noncompetition agreement

that he had signed with Losch & Associates, Daniel Losch contacted both Poloncyzk and the Whitehouse Agency to notify them of his concerns and request that Poloncyzk cease contacting clients of Losch & Associates.

{¶7}   On June 24, 2014, Losch & Associates filed suit against Poloncyzk for breach of contract and misappropriation of trade secrets.   Polonczyk filed counterclaims for abuse of process, tortious interference with business relationships, and wrongful discharge in violation of public policy.  Polonczyk additionally named Daniel Losch as a third-party defendant in the claim for tortious interference with business relationships.  And he sought punitive damages from both Daniel Losch and Losch & Associates.

{¶8}   All parties filed motions for summary judgment on the claims raised against them.  The trial court granted summary judgment to Losch & Associates and Daniel Losch on the claims brought by Polonczyk.  But it denied Polonczyk's motion for summary judgment on Losch & Associates' claims for breach of contract and misappropriation of trade secrets.   On November 4, 2015, Losch & Associates dismissed its claims against Polonczyk without prejudice.  Following this dismissal, Poloncyzk filed a motion for sanctions pursuant to Civ.R. 37 and Civ.R. 11.  The trial court denied Polonczyk's motion for sanctions.

{¶9}   Polonczyk has appealed from both the trial court's entry granting summary judgment to Losch & Associates and its entry denying his motion for sanctions, raising three assignments of error for our review.

*Wrongful Discharge in Violation of Public Policy*

{¶10}  In his first assignment of error, Polonczyk argues that the trial court erred when it granted summary judgment to Losch & Associates on his claim for wrongful discharge in violation of public policy.

{¶11} We review a trial court's grant of summary judgment de novo. *See Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Summary judgment is appropriately granted when there exist no genuine issues of material fact, the party moving for summary judgment is entitled to judgment as a matter of law, and the evidence, when viewed in favor of the nonmoving party, permits only one reasonable conclusion that is adverse to that party. *See State ex rel. Howard v. Ferreri*, 70 Ohio St.3d 587, 589, 639 N.E.2d 1189 (1994).

{¶12}  Losch & Associates had employed Polonczyk as an at-will employee. Under the common law employment-at-will doctrine, either party may terminate the employment relationship for any reason, with or without cause, without giving rise to an action for damages. *See Collins v. Rizkana*, 73 Ohio St.3d 65, 67, 652 N.E.2d 653 (1995). The Ohio Supreme Court created a narrow exception to this employment-at-will doctrine in *Greeley v. Miami Valley Maintenance Contrs., Inc.*, 49 Ohio St.3d 228, 551 N.E.2d 981 (1990). In *Greeley,* the court held that an employee-at-will who is discharged in violation of a public policy may maintain a cause of action for wrongful discharge. *Id.* at 234.

{¶13}  To prove a claim for wrongful discharge in violation of public policy, an employee must establish that a clear public policy existed, that dismissing the employee jeopardized the public policy, that the dismissal was motivated by conduct

relating to the public policy, and that the employer had no overriding business justification for the dismissal. *See Collins* at 69-70.

{¶14} Polonczyk contends that Losch & Associates had terminated his employment because he had reported the agency's unethical practices to the Ohio Department of Insurance and Allstate. He argues that terminating him on these grounds violated the public policy established in R.C. 3905.14(B), which provides that the superintendent of the Department of Insurance may suspend or revoke the license of an agent for numerous reasons, including, as relevant to this case, failing to disclose and report various violations of which the agent was aware. *See* R.C. 3905.14(B)(13), (16), (25), (27), (30) and (39). He further argued that his discharge violated the public policy set forth in R.C. 1349.19, which concerns the disclosure of security breaches of computerized personal information, including social security numbers. *See* R.C. 1349.19(C).

{¶15} We need not consider whether the public policies identified by Polonczyk would support a claim for wrongful discharge because he overlooks one dispositive fact that renders his argument meritless: Polonczyk was not discharged by Losch & Associates, but instead had resigned his employment. Polonczyk texted Daniel Losch on January 21, 2014, to inform him that he had resigned effective immediately. Losch *then* responded that Polonczyk had been terminated the preceding Friday, when he had failed to appear at work.

{¶16} Polonczyk contends that a genuine issue of material fact exists as to whether he had resigned his employment or had been terminated. Polonczyk testified in a deposition that he believed Daniel Losch had fired him without telling him, because, prior to his resignation, he had not received his last paycheck and

Daniel Losch had requested that he bring his computer into the office. This testimony is not sufficient to create a genuine issue of material fact. The record contains no evidence, other than Daniel Losch's text message, that Losch & Associates had taken any formal action to terminate Polonczyk's employment. And Polonczyk's tendering of his resignation belies his argument that he believed that he had been terminated. Even if Losch & Associates had intended to terminate Polonczyk's employment, that termination had not yet taken effect at the time of Polonczyk's resignation. *See Smith v. United Parcel Serv. of Am.*, 65 F.3d 266, 268 (2d Cir.1995) (notice of termination was effective when it made apparent to an employee that it contained the "official position" of the employer). *See also Calquin v. Doodycalls Fairfax VA LLC*, E.D.Va. No. 1:09cv543, 2009 U.S. Dist. LEXIS 83936, *9 (Sept. 11, 2009) (reasonable notice requires that the "notice of termination must effectively communicate the fact of the termination to the at-will employee").

{¶17} Polonczyk argues in the alternative that his resignation was actually a constructive discharge. An employee is constructively discharged when "the employer's actions made working conditions so intolerable that a reasonable person under the circumstances would have felt compelled to resign." *Daudistel v. Village of Silverton*, 1st Dist. Hamilton No. C-130661, 2014-Ohio-5731, ¶ 31, quoting *Mauzy v. Kelly Servs.*, 75 Ohio St.3d 578, 664 N.E.2d 1272 (1996), paragraph four of the syllabus. Polonczyk advances no specific evidence in support of this argument. And following our review of the record, we find that it contains no evidence that Polonczyk was constructively discharged.

{¶18} Because Polonczyk had not been terminated, but rather had resigned his employment with Losch & Associates, we hold that the trial court did not err in

7

granting summary judgment to Losch & Associates on Polonczyk's claim for wrongful discharge in violation of public policy. The first assignment of error is overruled.

### *Abuse of Process*

{¶19} In his second assignment of error, Polonczyk argues that the trial court erred in granting summary judgment to Losch & Associates on his claim for abuse of process.

{¶20} Polonczyk's claim for abuse of process was raised in response to Losch & Associates' claim for breach of contract, which alleged that Polonczyk had violated the noncompete agreement executed between him and Losch & Associates by soliciting clients of Losch & Associates and by working for a competitor located within 60 miles of Losch & Associates.

{¶21} Polonczyk's argument in support of his abuse-of-process claim is somewhat convoluted, but can be explained as follows. In his complaint, Polonczyk alleged that the noncompete agreement that was executed between him, Allstate, and Losch & Associates (imposing restrictions for a one-year period and prohibiting him from working for a competitor located within one mile of Losch & Associates) superseded the noncompete agreement that he had executed solely with Losch & Associates because it was signed two days later than that agreement. Polonczyk contended that because the noncompete agreement imposing the 60-mile competition-space restriction had been superseded, Losch & Associate's claim for breach of contract was knowingly brought without legal basis and was an abuse of process. In his appellate brief, Polonczyk further alleged that "Losch used the proceedings to secure something the court was powerless to order, which was an

injunctive relief against Polonczyk." Polonczyk's contention that the trial court was powerless to order injunctive relief was not based on the argument that the court inherently lacked power to order such relief. Instead, he argued that the trial court could not order such relief because Polonczyk had not actually breached any agreement or committed any behavior that would warrant the imposition of that relief.

{¶22} To establish a claim for abuse of process, a plaintiff must show "(1) that a legal proceeding has been set in motion in proper form and with probable cause; (2) that the proceeding has been perverted to attempt to accomplish an ulterior purpose for which it was not designed; and (3) that direct damage has resulted from the wrongful use of process." *Robb v. Chagrin Lagoons Yacht Club*, 75 Ohio St.3d 264, 270, 662 N.E.2d 9 (1996), quoting *Yaklevich v. Kemp, Schaeffer & Rowe Co., L.P.A.*, 68 Ohio St.3d 294, 298, 626 N.E.2d 115 (1994). Stated more succinctly, "abuse of process occurs where someone attempts to achieve through use of the court what which the court is itself powerless to order." *Id.* at 271.

{¶23} The facts as alleged by Polonczyk simply do not support a claim for abuse of process. Losch & Associates sued Polonczyk for breach of contract because it wanted the trial court to order Polonczyk to stop soliciting its clients and cease violating other terms of the noncompete agreement. The trial court had the power to provide that relief. The fact that Polonczyk believes Losch & Associates' claim to be meritless, or that Losch & Associates later dismissed its claim, does not mean that it was an abuse of process to bring the claim in the first place.

{¶24} The trial court did not err in granting summary judgment to Losch & Associates on Polonczyk's claim for abuse of process. The second assignment of error is overruled.

*Motion for Sanctions*

{¶25} In his third assignment of error, Polonczyk argues that the trial court erred when it denied his motion for sanctions pursuant to Civ.R. 37(C). Polonczyk's motion for sanctions alleged that Losch & Associates had committed a discovery violation by improperly denying various requests for admissions.

{¶26} We review a trial court's ruling on a motion for sanctions for an abuse of discretion. *See Rogers v. Armstrong*, 1st Dist. Hamilton No. C-010287, 2002 Ohio App. LEXIS 1155, *11 (Mar. 15, 2002). A party may be subject to sanctions for improperly denying a request for admission. *Id.*, citing *Salem Med. Arts and Dev. Corp. v. Columbiana Cty. Bd. of Rev.*, 82 Ohio St.3d 193, 195, 694 N.E.2d 1324 (1998). Civ.R. 37(C) specifically provides that

> If a party, after being served with a request for admission under Rule 36, fails to admit the genuineness of any documents or the truth of any matter as requested, and if the party requesting the admissions thereafter proves the genuineness of the document or the truth of the matter, he may apply to the court for an order requiring the other party to pay him the reasonable expenses incurred in making that proof, including reasonable attorney's fees. Unless the request had been held objectionable under Rule 36(A) or the court finds that there was good reason for the failure to admit or that the admission sought was of no substantial importance, the order shall be made.

{¶27} During discovery, Polonczyk submitted the following request for admission to Losch & Associates: "Admit that you have no evidence Ted Polonczyk solicited business from [name of client] after his employment with Losch terminated." Polonczyk submitted five requests for admissions of this nature, each identical but for the name of the client. Losch & Associates denied each admission. In his motion for sanctions, Polonczyk argued that Losch & Associates should be sanctioned for denying these requested admissions because he had proven that the requests were true. To prove the truth of the requests, Polonczyk submitted his own affidavit stating that he had not solicited any of the five named clients. And he additionally submitted affidavits from two of the named clients stating that Polonczyk had not attempted to solicit their business, as well as documents demonstrating that the other three named clients remained customers of Losch & Associates. In its responsive motion, Losch & Associates submitted an affidavit from Daniel Losch stating that he and others in his office had spoken to the named clients, and that each client had indicated that Polonczyk had contacted them in an effort to sell them insurance after his termination from Losch & Associates.

{¶28} The evidence submitted by Polonczyk did not prove the truth of the requested admissions. Losch & Associates had been requested to admit that it had no evidence that Polonczyk had solicited its clients. While the evidence submitted by Poloncyzk supports his argument that he did not solicit clients of Losch & Associates, it does not establish that Losch & Associates had no evidence to the contrary. Because Polonczyk failed to meet his burden to establish that the requested admissions were true, we hold that the trial court did not abuse its discretion in denying Polonczyk's motion for sanctions.

{¶29} The third assignment of error is overruled, and the judgment of the trial court is affirmed.

Judgment affirmed.

DEWINE and MOCK, JJ., concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.